UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TRUSTEES of the 1199SEIU Health Care Employees
Pension Fund,

                                  **COMPLAINT**

                   Plaintiffs,   Case No. 16-cv-7569

              -against-

JOSEPH KRAMER, INC.

                      Defendant.
-----------------------------------------------------------------------X

      Plaintiffs, Trustees of the 1199SEIU Health Care Employees Pension Fund ("Fund"), by

their attorneys, Levy Ratner, P.C., hereby complain of Joseph Kramer, Inc. d/b/a Kramer's

Pharmacy for failure to pay withdrawal liability as follows:

## JURISDICTION AND VENUE

      1.     This Court has jurisdiction over this action pursuant to Sections 502(a)(3),

(e)(1), and (f) and 4301(c)of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1) and (f) and 1451(c).

      2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Sections

502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## PARTIES AND BACKGROUND

      3.     The Fund is a multiemployer employee pension plan within the meaning of

Sections 3(2)(3) and (37) of ERISA, 29 U.S.C. §§ 1002(2),(3) and (37), established and

maintained pursuant to collective bargaining agreements for the purpose of providing pension

benefits to eligible employees of contributing employers, including Defendant Joseph Kramer,

Inc. The Fund is administered at 330 West 42nd Street, New York, New York 10036.

4.      Plaintiff Trustees are "fiduciaries" of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Sections 502(a)(3) and  4301(b) of ERISA, 29 U.S.C. §1132(a)(3) and 1451(b).

5.      Upon information and belief, Defendant Joseph Kramer, Inc. has its principal place of business at 309 St. Ann's Avenue, Bronx, New York 10454.

6.      Upon information and belief, Mr. Bert Kramer is the President of Joseph Kramer, Inc.

## FACTS

7.      Defendant was a party to a collective bargaining agreement ("CBA") with Local 1199 Drug, Hospital, and Health Care Employees Union, RWDSU, AFL-CIO (now known as 1199SEIU United Healthcare Workers East), pursuant to which Defendant agreed to remit monthly contributions to the Fund, calculated as a percentage of Defendant's gross payroll.

8.      The Defendant remitted these monthly contributions, and continued to do so after the expiration of the CBA, consistent with applicable labor law requiring employers to maintain the status quo with regard to the terms and conditions of employment until a new agreement is reached. See National Labor Relations Act Section 8(d), 29 U.S.C. § 158(d); see, e.g., 666 Drug, Inc. v. Trs. of 1199 SEIU Health Care Emps. Pension Fund, No. 13-2380-CV, 571 F. App'x. 51, 53 (2d Cir. July 1, 2014).

9.      Upon information and belief, the last of the Defendant's covered employees stopped working for Defendant in 2010, resulting in the permanent cessation of Defendant's obligation to contribute to the Fund.

2

10.     The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund, as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. § 1383(a)(1).

11.     By completely withdrawing from the Fund, Defendant incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1383.

12.     On November 11, 2015, Plaintiffs sent an assessment letter ("Notice and Demand") through their attorneys advising Defendant that it owed withdrawal liability in the amount of $11,023.00, to be paid in nine quarterly payments of $1,214.75 beginning on January 9, 2016, and a tenth and final quarterly payment in the amount of $725.22. The Notice and Demand is attached hereto as "Exhibit A."

13.     The Notice and Demand advised Defendant that it had ninety days from receipt of the assessment letter to request a review of the amount of liability and schedule of payments, in accordance with the Multiemployer Pension Plan Amendment Act and the Fund's Withdrawal Liability Procedures.

14.     Defendant did not request review of the amount or schedule of liability payments within 90 days of receipt of the assessment letter.

15.     Defendant failed to remit its first quarterly withdrawal liability payment, which was due on January 9, 2016.

16.     On February 2, 2016, Plaintiffs sent Defendant a Notice of Failure to Pay Withdrawal Liability informing Defendant that it had failed to remit its first quarterly payment of $1,214.75 and demanding immediate payment of the past due amount plus interest accruing thereon at the rate of six and a half per cent (6.5%) per year from the date due until the date paid. The Notice of Failure to Pay Withdrawal Liability is attached hereto as "Exhibit B." The Notice of Failure to Pay Withdrawal Liability also stated that if Defendant failed to remit the payment

430-130-00001: 10719369.doc

with accrued interest within sixty (60) days from receipt of the Notice of Failure to Pay, Plaintiffs would deem Defendant to be in default and would require the immediate payment of the entire liability of $11,023.00, plus any interest accrued thereon.

17.     On April 15, 2016, Plaintiffs sent Defendant a Notice of Default and Demand for Accelerated Payment of Withdrawal Liability, which informed Defendant that it had failed to remit its first quarterly payment and was thus in default of its withdrawal liability obligation and required to make payment of the full amount of withdrawal liability, plus interest accruing on the total outstanding liability from the due date of the first payment which was not timely remitted. The Notice of Default and Demand for Accelerated Payment of Withdrawal Liability is attached hereto as "Exhibit C."

18.     To date, Defendant has failed to cure its default and, further, has failed to remit its second and third quarterly withdrawal liability payments that have since come due to the Fund.

## CAUSE OF ACTION

19.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 17 as if fully set forth here.

20.     Pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and Paragraph 10 of the Fund's Withdrawal Liability Procedures, an employer will be deemed in default upon its failure to make a withdrawal liability payment within sixty days after receiving written notice from the Fund that the payment is overdue. The Withdrawal Liability Procedures are attached hereto as "Exhibit D."

21.     Pursuant to Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), the Withdrawal Liability Procedures also provide that the Trustees may declare a former contributing employer to be in default on the separate ground that they believe that the employer

430-130-00001: 10719369.doc

lacks creditworthiness because it has failed to make two or more withdrawal liability installments within ten days after the due date of the last such installment. Ex. D at ¶ 11.

22.     Pursuant to the Withdrawal Liability Procedures, default results in a demand for immediate payment of all outstanding liability including accrued interest on the total outstanding liability from the due date of the first payment which was not timely made. Such demand may be enforced by a complaint filed in district court. Ex. D at ¶¶ 10-12.

23.     ERISA Section 4301(b), 29 U.S.C. § 1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as one involving delinquent contributions within the meaning of section 515 of ERISA, 29 U.S.C. § 1145. ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) provides for that treatment, as follows: when a judgment in favor of the plan is awarded in such an action, the court shall award the plan the amount of the unpaid contributions, interest accrued thereon, liquidated damages in the greater of the amount of interest due or twenty per cent of the principal due, and reasonable attorney's fees and costs. The Fund's Withdrawal Liability Procedures also provide for these remedies. Ex. D at ¶ 12.

24.     Pursuant to Section 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), unpaid withdrawal liability accrues interest at rates in accordance with those prescribed by the Pension Benefit Guaranty Corporation ("PBGC"). In turn, PBGC regulations provide that a plan may adopt other rules for determining the rate of interest to be charged on overdue or defaulted withdrawal liability. 29 CFR 4219.33.

25.     The Fund's Withdrawal Liability Procedures provide that interest shall be payable at the greater of the rate established by the Pension Benefit Guaranty Corporation pursuant to section 4219(c)(6) of ERISA, 29 U.S.C. 1399(c)(6), or prime rate plus 3%. Ex. D ¶ 10.

5

26. The prime rate for the period January 2016 through the present has been 3.5%. The interest rates established by the PBGC for delinquent or defaulted withdrawal liability payments were 3.25% for the period January through March 2016 and 3.5% for the period April through September 2016.

27. The Defendant has defaulted on its withdrawal liability obligations by (a) failing to pay its first withdrawal liability payment within sixty days of receiving notice that the payment was delinquent; and (b) failing to pay its first, second and third quarterly withdrawal liability payments.

28. Accordingly, Plaintiffs seek judgment against Defendant for the entire amount of the unpaid withdrawal liability of $11,023.00, interest accruing on the entire withdrawal liability amount from January 9, 2016 until the date paid, liquidated damages in the greater of (a) $2,204.60 (20% of the total outstanding withdrawal liability of $11,023.00) or (b) the amount of interest accrued on the outstanding principal from the date the first payment was due until the date of judgment, attorney's fees, and costs.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment;

A. finding Defendant Joseph Kramer, Inc. liable for withdrawal liability;

B. ordering Defendant to pay the Fund:

 1. $11,023.00 in withdrawal liability;

 2. Interest on the entire withdrawal liability amount from the date the first payment was due until the date judgment is entered;

 3. Liquidated damages;

 4. Attorney's fees and costs; and

430-130-00001: 10719369.doc

C.      granting Plaintiffs such further and other relief as the Court may deem just and proper; and

D.      retaining jurisdiction of this case pending compliance with the Court's orders.

Dated: September 27, 2016
       New York, New York

                                        LEVY RATNER, P.C.



                               By:      Suzanne Hepner
                                        Attorneys for Trustees of the
                                          1199SEIU Health Care
                                          Employees Pension Fund
                                        80 Eighth Avenue
                                        New York, New York 10011
                                        (212) 627-8100
                                        (212) 627-8182 (fax)

7

430-130-00001: 10719369.doc